IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

D.W., *an individual*,                                           :
                                                                :
      **Plaintiff**,                               :   **Case No. 2:24-cv-3998**
                                                                :
v.                                                              :   **Judge Algenon L. Marbley**
                                                                :
RED ROOF INNS, INC., *et al.*,                                  :   **Magistrate Judge Kimberly A. Jolson**
                                                                :
      **Defendants**.                              :

## OPINION & ORDER

This matter comes before the Court on Proposed Intervenor Liberty Mutual Fire Insurance Company's Motion to Intervene (ECF No. 39).  For the reasons set forth below, Liberty Mutual's Motion is **DENIED**.

## I.    BACKGROUND

This case arises under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595.  Plaintiff D.W. sues Defendants Red Roof Inns, Inc. and Red Roof Franchising, LLC, who operate and franchise the Red Roof Inns chain of hotels.  (Compl., ECF No. 1 ¶¶ 4, 22).  She alleges that she was the victim of sex trafficking at Red Roof Inn hotels in Troy and Warren, Michigan, from 2008 to 2014.  (*Id.* ¶¶ 49–50).  According to D.W., the Red Roof Defendants owned or operated multiple of these hotels.  (*Id.* ¶ 27).  She seeks to hold Defendants liable for financially benefiting from sex trafficking ventures that they knew, or should have known, were occurring at their hotels.  (*Id.* ¶ 75).

Liberty Mutual Fire Insurance provided commercial insurance policies to Defendant Red Roof Inns, Inc. from July 2011 to July 2015.  The Red Roof Defendants have requested coverage from Liberty Mutual for the Plaintiffs' claims.  (ECF No. 39 at 3.).  Now, Liberty Mutual moves

1

to intervene, seeking a declaratory judgment regarding its obligations, if any, to defend or indemnify Red Roof in relation to D.W.'s claims against them.  (*Id.* at 4).

Liberty Mutual argues that it has a right to intervene in these cases so that it can protect its direct pecuniary interest in the outcome of the litigation.  In the alternative, it argues that it should be granted permissive intervention as a matter of discretion. (*Id.* at 5–6).  Plaintiff D.W. and the Red Roof Defendants oppose Liberty Mutual's motion.  (ECF Nos. 43 at 1; 41 at 1).  Liberty Mutual's motion is ripe for review.  For the following reasons, this motion is **DENIED.**

## II.    STANDARD OF REVIEW

A party may intervene as a matter of right.  Rule 24(a) mandates that courts "must permit anyone to intervene who":  (1) makes a "timely" motion; (2) "claims an interest relating to the property or transaction that is the subject of the action;" (3) "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest"; and (4) has interests that cannot be "adequately represent[ed]" by "existing parties."  Fed. R. Civ. P. 24(a)(2); *see Grainger v. Ottawa Cnty.*, 90 F.4th 507, 513 (6th Cir. 2024) (citing *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2006) (characterizing the requirements of Rule 24(a)(2) as a four-factor test)).

A party may also request permissive intervention.  Under Rule 24(b), courts "may permit anyone to intervene who" makes a "timely" motion and "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  Courts also consider undue delay and prejudice to the original parties, *id.* 24(b)(3), as well as any other relevant factors when evaluating permissive intervention.  *Bell v. Kasich*, 2017 WL 3172778, at *5 (S.D.

2

Ohio July 25, 2017).  Other relevant factors can include the Rule 24(a)(2) intervention-as-of-right factors.  *Bay Mills Indian Cmty. v. Snyder*, 720 F. App'x 754, 759 (6th Cir. 2018).

## III.    LAW & ANALYSIS

The right to intervene is construed broadly in favor of the movant, and if all four factors of Rule 24(a)(2) are established, "this generally favorable construction transforms into a mandatory allowance of intervention."  *Estate of Lewis v. City of Columbus*, 158 F.4th 814, 822 (6th Cir. 2025).  Liberty Mutual Fire Insurance Company argues that its motion must be granted because the motion is timely, its interests are substantial, it could be precluded from relitigating issues if its motion is denied, it faces ongoing legal expenses, and the present parties do not represent its interests.  (ECF No. 39 at 4–6).  Liberty Mutual also argues that even if its motion fails as of right, it should be granted permissively because its sought declaratory judgment arises out of common issues of fact and law.  (*Id.* at 5–6).  D.W. and the Red Roof Defendants counter that Liberty Mutual cannot intervene as of right because Liberty Mutual only asserts a contingent interest based on an insurance contract, which does not provide the requisite substantial legal interest.  (ECF Nos. 43 at 4; 41 at 9).  The parties also note that Liberty Mutual's argument for permissive intervention has been repeatedly rejected by this Court.  (ECF Nos. 43 at 5; 41 at 12–13).

This Court considers the arguments on the second, third, and fourth mandatory intervention factors, which are at the heart of Liberty Mutual's motions to intervene. Because none of these factors has been satisfied, and because all three factors are necessary prerequisites for it, this Court need not determine the timeliness of Liberty Mutual's motion.

This Court finds that intervention would be inappropriate in this case.  Liberty Mutual fails to satisfy the remaining three factors for reasons that this Court repeats often.  *In re Hotel TVPRA Litig.*, 2026 WL 799293, at *4 (S.D. Ohio Mar. 23, 2026) (Marbley, J.).  Liberty Mutual only has

3

a contingent legal interest as the insurer of the Red Roof Defendants, because Liberty Mutual's interest in this case depends not only on whether it has insurance obligations, but also on whether the Red Roof Defendants are liable in this lawsuit. *Id.* at \*3–4 (citing *M.A. v. Wyndham Hotels & Resorts, Inc.*, 2022 WL 622124, at \*2 (S.D. Ohio Mar. 3, 2022) (Marbley, J.) (potential insurance issues are irrelevant to TVPRA claims)). Moreover, Liberty Mutual's ability to protect its interests would not be impaired absent intervention, because it could still pursue separate actions if need be. *Id.* at \*3.[1] And Liberty Mutual has not shown why its contingent interests would not be adequately represented, given that the Red Roof Defendants have the same interest in avoiding liability to D.W., and any insurance coverage dispute is tangential to the issue of TVPRA liability. *Id.* at \*3–4. Thus, even if Liberty Mutual's motion is timely, it has not established its right to intervene.

Finally, consistent with its practice in these cases, this Court will not grant Liberty Mutual permissive intervention. Even if Liberty Mutual's motion is timely, they have failed to articulate common questions of law or fact connecting its insurance contract dispute with TVPRA claims. Moreover, intervention would introduce different legal issues, risk delay, and prejudice the parties. *Id.* at \*4–5; *cf. Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 640 (1st Cir. 1989).

---

[1] Insurers seeking to intervene often argue that they could be collaterally estopped from later arguing that the relevant insurance policies did not cover the conduct at issue in the underlying suit if they fail to intervene. But, under Ohio law, "[w]hen a party has sought and been denied intervention, collateral estoppel will not prohibit future litigation of similar issues." *Gehm v. Timberline Post & Frame*, 2007-Ohio-607 ¶ 31 (Ohio 2007). Thus, Liberty Mutual is incorrect that it cannot protect its interests absent intervention—moving to intervene is sufficient to ensure that it has preserved its legal interests.

## IV.    CONCLUSION

Liberty Mutual Fire Insurance Company's interests have been preserved by virtue of its request to intervene.  Liberty Mutual's Motion to Intervene (ECF No. 39) is **DENIED**.

**IT IS SO ORDERED.**


**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**


**DATED:  July 22, 2026**

5